## Banks as Trust Companies.

*Banks and banking—When banks cannot qualify to do trust company business—Acts of April 29, 1874, May 13, 1876, and May 9, 1889.*

1. A bank incorporated under the General Banking Law of May 13, 1876, P. L. 161, has no right to accept the provisions of the Act of May 9, 1889, P. L. 159, amending the Act of April 29, 1874, P. L. 73, and cannot thereby be qualified to conduct a title insurance business and such business as is generally conducted by a trust company.

2. A corporation incorporated under the Act of May 13, 1876, P. L. 161, is one which is formed for the purpose of carrying on the business of banking.

3. A corporation has only such powers as are conferred by the act under which it is incorporated or given to it by subsequent acts of assembly, and one formed under the Act of May 13, 1876, is confined to the powers and privileges conferred by that act alone, unless a subsequent act specifically grants to it additional powers. This the Act of 1889, amending the Act of 1874, has not done.

Department of Justice. Opinion to Hon. Peter G. Cameron, Secretary of Banking.

BROWN, Dep. Att'y-Gen., Jan. 17, 1924.—You have requested an opinion as to whether or not a bank incorporated under the General Banking Law of May 13, 1876, P. L. 161, has a right to accept the provisions of the Act of May 9, 1889, P. L. 159, amending the Act of April 29, 1874, P. L. 73, and thereby be qualified to conduct a title insurance business and such business as is generally conducted by a trust company.

Banks as Trust Companies.

The Act of April 29, 1874, P. L. 73, is an act for the incorporation of certain corporations, and section 29 provides: "Companies incorporated under the provisions of this act for the insurance of owners of real estate, mortgagees, and others interested in real estate, from loss by reason of defective titles, liens and incumbrances, shall have the power and right to make insurances of every kind pertaining to or connected with title to real estate, and shall have the power and right to make, execute and perfect such and so many contracts, agreements, policies and other instruments as may be required therefor."

This section was amended and supplemented by the Act of May 9, 1889, P. L. 159, and both the original act and the amendment relate, *inter alia*, to insurance of titles. The amendment provides as follows:

"Section 29—Clause I. Companies which may have been heretofore, or which may hereafter be, incorporated under the provisions of this act for the insurance of owners of real estate, mortgagees, and others interested in real estate, from loss by reason of defective titles, liens and incumbrances, shall have the power and right—

"1. To make insurances of every kind pertaining to or connected with titles to real estate, and to make, execute and perfect such and so many contracts, agreements, policies and other instruments as may be required therefor.

"2. To receive and hold on deposit and in trust and as security estate, real and personal, including the notes, bonds, obligations of states, individuals, companies and corporations, and the same to purchase, collect, adjust and settle, sell and dispose of in any manner, without proceeding in law or equity, and for such price and on such terms as may be agreed on between them and parties contracting with them: Provided, that nothing herein contained shall authorize said companies to engage in the business of banking.

"3. To make insurance for the fidelity of persons holding places of responsibility and of trust, and to receive upon deposit for safekeeping jewelry, plate, stocks, bonds and valuable property of every description upon terms as may be agreed upon.

"4. To act as assignees, receivers, guardians, executors, administrators, and to execute trusts of every description not inconsistent with the laws of this State or of the United States.

"5. To act as agent for the purpose of issuing or countersigning the certificates of stock, bonds or other obligations of any corporation, association, or municipality, state or public authority, and to receive and manage any sinking fund thereof on such terms as may be agreed upon.

"6. To become sole surety in any case where, by law, one or more sureties may be required for the faithful performance of any trust, office, duty, action or engagement.

"7. To take, receive and hold any and all such pieces of real property as may have been, or may hereafter be, the subject of any insurance made by such companies under the powers conferred by their charter, and the same to grant, bargain, sell, convey and dispose of in any such manner as they see proper.

"8. To purchase and sell real estate and take charge of the same.

"9. To act as security for the faithful performance of any contract entered into with any person, or municipal or other corporation, or with any state or government, by any person or persons, corporation or corporations.

"10. To become the sole security for the faithful performance of the duties of any national, state, county or municipal officer, and to execute such bonds or recognizances as may be required by law in such cases.

4 D. & C.

Banks as Trust Companies.

"11. To become security for the faithful performance of the duties of any clerk or employee of any corporation, company, firm or individual.

"12. To become security for the payment of all damages that may be assessed and directed to be paid for lands taken in the building of any railway, or for the purposes of any railway, or for the opening of streets or roads, or for any purpose whatever where land or other property is authorized by law to be taken.

"13. To become security upon any writ of error or appeal or in any proceeding instituted in any court of this Commonwealth in which security may be required: Provided, however, that nothing in this act shall be so construed as to dispense with the approval of such body, corporation, court or officer as is by law now required to approve such security: Provided, however, that before exercising any of the powers hereby conferred, each such corporation shall have a paid-up capital of not less than one hundred and twenty-five thousand dollars, an affidavit of which fact, made by the treasurer thereof, shall be filed in the office of the Secretary of the Commonwealth, and each such company, heretofore or hereafter incorporated, shall file in the office of the Secretary of the Commonwealth a certificate of its acceptance hereof, made by formal resolution adopted at a regular or called meeting of the directors, trustees, managers or other proper officers thereof, and certified under the corporate seal of such company, and a copy of such affidavit and of such resolution, certified under the seal of the office of the Secretary of the Commonwealth, shall be evidence of compliance with the requirements hereof.

"Clause II. That whenever such companies shall receive and accept the office or appointment of assignees, receiver, guardian, executor, administrator, or to be directed to execute any trust whatever, the capital of the said company shall be taken and considered as the security required by law for the faithful performance of their duties as aforesaid, and shall be absolutely liable in case of any default whatever.

"Clause III. That any executor, administrator, guardian or trustee having the custody or control of any bonds, stock, securities or other valuables belonging to others shall be authorized to deposit the same for safekeeping with said companies.

"Clause IV. That whenever any court shall appoint said companies assignees, receiver, guardian, executor, administrator, or to execute any trust whatever, the said court may, in its discretion, or upon the application of any person interested, appoint a suitable person to investigate the affairs and management of the company so appointed, who shall report to such court the manner in which its investments are made and the security afforded to those by or for whom its engagements are held, and the expense of such investigations shall be defrayed by the said company, or the court may, if deemed necessary, examine the officers of said company under oath or affirmation as to the security aforesaid.

"Clause V. The said companies shall keep all trust funds and investments separate and apart from the assets of the companies, and all investments made by the said companies as fiduciaries shall be so designated as that the trust to which such investment shall belong shall be clearly known."

It will be observed that the Act of 1889, in the 2nd section of clause I, provides that nothing contained in the act shall authorize the company to engage in the business of banking. "While trust companies, in carrying on their business, must necessarily, to some extent, transact business that generally belongs to banks, when they do so, however, such separate transactions cannot

be considered as being a banking business:" Guardian Trust Co. v. Grove, 16 Dist. R. 975.

What corporations are entitled to the privileges and powers conferred by the Act of 1874 and the Amendment of 1889 is fixed by the act itself, for it specifically sets forth: "Corporations for any of the purposes named, and covered by the provisions of this act, heretofore created by any special act, or in existence under the provisions of any general laws of this Commonwealth, upon accepting the provisions of the Constitution and of this act by writing under the seal of said corporation, duly filed in the office of the Secretary of the Commonwealth, shall be entitled to all of the privileges, immunities, franchises and powers conferred by this act upon corporations to be created under the same; and upon such acceptance and approval thereof by the Governor, he shall issue letters-patent to said corporation reciting the same."

Only such corporations formed for the purposes named and covered by the Act of 1874 and its amendment are allowed to claim the benefits conferred by that act. This includes corporations created by special act of assembly before the Act of 1874 was passed and corporations in existence at that time under the provisions of any general law of the Commonwealth, but however created, they must be corporations for the purposes named and covered by the provisions of the act.

A corporation incorporated under the Act of May 13, 1876, P. L. 161, is one which is formed for the purpose of carrying on the business of banking. The certificate which the persons forming such corporation are required to make must set forth that it is made to enable them to form a corporation for banking purposes. Nowhere in the act, or in the charter granted under it, is it set forth that a corporation is formed for the purposes named by the Act of 1874 or its supplement of 1889.

A corporation has only such powers as are conferred by the act under which it is incorporated or given to it by subsequent acts of assembly, and one formed under the Act of May 13, 1876, is confined to the powers and privileges conferred by that act, unless a subsequent act specifically grants to it additional powers. This the Act of 1889, amending the Act of 1874, has not done.

Banking companies incorporated and organized under the Act of 1876, if they have a capital stock at least equal to the capital stock which trust companies are required by law to have, may acquire additional rights and powers. They may accept the provisions of the Act of July 17, 1919, P. L. 1032, and by so doing may be granted by special permit "the right and power to act as trustees, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics and habitual drunkards, or in any other fiduciary capacity in which trust companies organized under the laws of this Commonwealth have authority and are permitted to act."

If banks incorporated under the Act of 1876 were allowed to exercise the powers and privileges conferred by the Act of 1874 and its amendments, there would be grave danger of transgressing the constitutional provision contained in article XVI, section 6: "No corporation shall engage in any business other than that expressly authorized by its charter."

I, therefore, advise you that a bank incorporated under the Act of May 13, 1876, has no right to accept the provisions of the Act of May 9, 1889, P. L. 159, and to exercise the powers and privileges conferred by that act.

From C. P. Addams, Harrisburg, Pa.